**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nickeisha Rainford,<br><br>    Plaintiff,<br><br>v.<br><br>Freedom Financial Network LLC,<br><br>    Defendant. | No. CV-22-02014-PHX-DWL<br><br>**ORDER** |

This is a collective action under the Fair Labor Standards Act ("FLSA"). (Doc. 1.) The Court previously granted the parties' stipulation regarding conditional certification. (Doc. 34.) The parties have now settled and have filed a joint motion to approve their settlement agreement. (Doc. 80.) The settlement agreement would resolve the FLSA claims of "46 individuals, including Plaintiff, [who] maintain live claims." (*Id.* at 2.)

In Part I of the joint motion, the parties state that "[e]mployees cannot waive claims for unpaid wages under the FLSA without court approval" and that "Arizona courts" follow the practice of providing such approval. (*Id.* at 4-5.) Although some Arizona courts do follow that practice, the Court recently issued an order in a different action in which it acknowledged that it had "previously engaged in the process of approving settlements in individual FLSA actions" but explained that, upon careful reflection, it now "join[ed] the growing number of courts that have concluded that judicial approval is neither authorized nor necessary in this circumstance." *Evans v. Centurion Managed Care of Arizona LLC*, 686 F. Supp. 3d 880, 881 (D. Ariz. 2023). Additionally, although *Evans* only involved an

1  individual FLSA action, and thus did not address whether settlement approval is required
2  in an FLSA collective action, other courts have concluded that approval is not required in
3  the collection-action context, either. *See, e.g., Walker v. Marathon Petroleum Corp.*, 684
4  F. Supp. 3d 408, 412-13 (W.D. Pa. 2023) ("This Court . . . finds nothing in the text of the
5  FLSA . . . that requires or even authorizes court approval for private-party FLSA settlement
6  agreements. The Court pauses though to consider whether the analysis is any different
7  where, as here, the settlement agreement involves more than just the named plaintiff, and
8  instead involves other opt-in plaintiffs. After careful consideration, the Court concludes
9  that there is no reason to treat an opt-in settlement agreement differently, for at least two
10 reasons. First, whether a settlement agreement is only between the named plaintiff and the
11 employer or between a number of opt-in plaintiffs and the employer, there remains no basis
12 in the text of the FLSA to require judicial approval. . . .  Second, there doesn't seem to be
13 any great reason—based in statute, policy, or otherwise—to treat an 'opt-in settlement
14 agreement' differently, as though it were a Rule 23 classwide settlement. In fact, an opt-
15 in collective action and a class action differ in fundamental respects."); *Askew v. Inter-*
16 *Cont'l Hotels Corp.*, 620 F. Supp. 3d 635 (W.D. Ky. 2022) (concluding that, under Rule
17 41(a)(1)(A)(ii), a settled FLSA collective action must be dismissed without judicial
18 approval of the settlement); *Kennedy v. El Centro Reg'l Med. Ctr.*, 2024 WL 1361838, *4
19 (S.D. Cal. 2024) ("[T]he Parties have stipulated to dismissal of this [collective] action. As
20 neither precedent nor the FLSA's statutory text bar this course of action, Rule 41(a)(1)(A)
21 prevents the Court from standing in the Parties' way."). The Court finds these cases
22 persuasive, such that its analysis in *Evans* is equally applicable in the collective-action
23 context.
24     Thus, the parties may stipulate to dismissal of this action—in which case, this case
25 will be over—or, if any party wishes to challenge the reasoning set forth in *Evans* and this
26 order, it may do so.
27     …
28     …

Accordingly,

**IT IS ORDERED** that the parties' joint motion to approve settlement agreement (Doc. 80) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that within 14 days of the issuance of this order, the parties shall file one of the following: (1) a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii); (2) a renewed motion for approval of their settlement; or (3) a status report otherwise informing the Court as to the status of this action.

Dated this 11th day of June, 2024.

_____
Dominic W. Lanza
United States District Judge